UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DANNY D. RICHARDS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 1:18-cv-126 |
| v. | ) | |
| | ) | Judge Collier |
| RODERICK J. DUGGER and | ) | Magistrate Judge Lee |
| UNITED ROAD SERVICES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

# **M E M O R A N D U M**

This case arises from a rear-end collision involving Plaintiff's van and Defendants' tractor-trailer. Defendants disclosed Brian M. Boggess, P.E., as their accident reconstruction and biomechanical expert on August 16, 2019. (Doc. 43.) On October 7, 2019, Plaintiff filed a motion to exclude Mr. Boggess's expert testimony. (Doc. 68.) Plaintiff argues Mr. Boggess's opinions on the precise cause of Plaintiff's injuries should be excluded because Mr. Boggess is a biomechanical engineer, not a doctor. (*Id.*) Plaintiff also requests additional time to supplement his motion due to the delay in scheduling Mr. Boggess's deposition. (*Id.*) Defendants respond that Mr. Boggess is not testifying to the medical cause of Plaintiff's injuries, but rather the kinetic forces at play in the accident and the types of injuries those forces would typically produce. (Doc. 81.) Defendants further explain they timely disclosed Mr. Boggess as an expert and acted reasonably in scheduling Mr. Boggess's deposition and thus Plaintiff should not be permitted to supplement his motion. (*Id.*) Plaintiff has replied. (Doc. 82.) The Court finds oral argument on Plaintiff's motion is not necessary. For the reasons set out below, the Court will **DENY** Plaintiff's motion (Doc. 68).

I.  **APPLICABLE LAW**

Under Federal Rule of Evidence 702, a witness with sufficient knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In fulfilling its gatekeeping role, a district court must first determine if an expert's testimony is reliable and then determine if it is relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "[T]he gatekeeping inquiry must be tied to the facts of a particular case . . . depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (internal quotations omitted). Further, "[i]t is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10).

The Supreme Court in *Daubert* set out a flexible, non-definitive checklist to consult in evaluating reliability: (1) whether the expert's theory can be tested; (2) whether the theory has been subject to peer review and publication; (3) the theory's known error rate; and (4) whether the theory has been generally accepted. *See Daubert*, 509 U.S. at 593–94. Courts have also noted other relevant factors that may arise, including: whether the opinions were developed solely for

purposes of litigation, *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995), whether there is too great an analytical gap between the data and the expert opinion, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997), and whether the expert has accounted for obvious alternative explanations, *Ambrosini v. Labarraque*, 101 F.3d 129, 140 (D.C. Cir. 1996).

In addition to determining reliability, a court must ensure the expert's testimony is relevant. Often referred to as "fit," an expert's testimony is relevant if the testimony would be helpful to the jury in resolving issues in dispute. *Daubert*, 509 U.S. at 591.

## II. DISCUSSION

The Court will first address whether Mr. Boggess can testify to the cause of Plaintiff's injuries and will then address Plaintiff's request for additional time to supplement his motion.

### A. Testimony on Causation

Plaintiff seeks to exclude Mr. Boggess's testimony regarding the cause of Plaintiff's injuries. (Doc. 68.) Specifically, Plaintiff objects to Mr. Boggess's opinions that:

> The kinematics to which a seated and restrained driver in the Chevrolet, such as Mr. Richards, would necessarily experience in the subject MVA [motor vehicle accident] are not consistent with exceeding any normal joint range-of-motion or with causing any significant injury to the left shoulder or back as alleged.
>
> . . .
>
> The accelerations and forces to which a seated and restrained driver in the subject Chevrolet, such as Mr. Richards, was exposed in the subject MVA are not consistent with causing any significant injury to the allegedly injured body regions. Exposure to such forces and accelerations is similar to, and/or less than, the exposures of activities of daily living.

(Doc. 68-11.)

Plaintiff contends these opinions fall outside Mr. Boggess's expertise in biomechanical engineering. (*Id.*) Plaintiff points to two cases, *Laski v. Bellwood*, 215 F.3d 1326 (Table), 2000 WL 712502 (6th Cir. May 25, 2000) and *Shires v. King*, No: 2:05-cv-84, 2006 WL 5171770 (E.D.

3

Tenn. 2006), where Plaintiff claims biomechanical engineers were prevented from testifying on the specific causes of alleged injuries. (Docs. 68, 82.) Defendants assert Mr. Boggess's testimony is within his scope of expertise as a biomechanical engineer because he is opining only on the kinematics associated with the collision and the injuries those forces most often generate. (Doc. 81.) Defendants contend he is qualified to testify on such matters as an expert in biomechanics, vehicular occupant safety, and human factors. (*Id.*)

The objection to Mr. Boggess's testimony appears to turn not on Mr. Boggess's qualifications as an expert on biomechanics, but on "whether those qualifications provide a foundation for [the] witness to answer a specific question." *See Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994).

The cases Plaintiff cited, while not binding, are illustrative on this issue. In *Shires*, the plaintiff alleged she was struck on the head with a tent pole negligently dislodged by the defendants, resulting in neurological injuries. 2006 WL 5171770, at *1. The defendants sought to call two expert witnesses, a biomechanical engineer and a mechanical engineer, "to testify that the blow to plaintiff's head by the tent pole could not have produced the neurological injuries she claims . . . ." *Id.* The court held that the biomechanical expert should be permitted to opine on the forces applied to plaintiff's head and "how a *hypothetical* person's body would re-spond [sic] to that force." *Id.* at *3 (emphasis in original). The court also held the expert could not opine on the precise cause of plaintiff's injuries, but reserved ruling on any specific opinions that might be elicited. *Id.*

In *Laski*, a plaintiff alleged back injuries as a result of a car accident with the defendant. 2000 WL 712502, at *1. The plaintiff argued the defendant's biomechanical expert "should not have been allowed to testify that he did not believe the 1993 car accident caused [plaintiff's] back

4

injuries[]" because it violated the rule in *Smelser*. *Id.* at *3. In *Smelser*, the Sixth Circuit Court of Appeals reversed a district court's decision to allow a biomechanical expert to testify regarding the specific cause of Plaintiff's injuries. *Smelser v. Norfolk S. Ry. Co.*, 105 F.3d 299, 302 (6th Cir. 1997) (abrogation on other grounds recognized by *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 377 (6th Cir. 2014)). The court held the testimony should have been excluded because the expert was "not a medical doctor who had reviewed [plaintiff's] medical history, and his expertise in biomechanics did not qualify him to testify about the cause of [plaintiff's] specific injuries." *Id.* at 305.

In *Laski*, the court recognized the defendants' biomechanical expert "was qualified to give general opinions about causation, [but] he was not qualified to give *medical* opinions." 2000 WL 712502, at *3. (emphasis in original). The court noted there was one portion of the expert's testimony on causation that "arguably violate[d] the rule in *Smelser*," but ultimately affirmed the district court's decision to allow the testimony in. *Id.* at *4. In reaching that decision, the court explained the expert testimony in *Smelser* "was highly specific; the expert in that case stated that the failure of the shoulder belt webbing to properly lock led directly to the injuries and that those injuries were exacerbated by the rear impact on the vehicle." *Id.* (citing *Smelser*, 105 F.3d at 304.) The court then explained that cases after *Smelser* had a "more liberal construction of the rules concerning admission of expert witnesses and their ability to testify regarding matters which might not fall within their particular specialty."[1] *Id.* In addition, the court had previously allowed the

---

[1] The *Laski* court cited to *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500 (6th Cir. 1998), in which the court affirmed a district court's decision to allow an expert to testify on accident reconstruction, engineering, and child psychology "despite the fact that [the expert] ha[d] no background in any of these areas." 151 F.3d at 516. In reaching that decision, the court explained counsel had an opportunity to cross examine the witness on his qualifications in these areas and the judge instructed the jury they were to determine the proper weight and credibility to be awarded. *Id.* As a result, the jury "was free to give [the expert's] testimony as much credence

plaintiff to present evidence of causation from medical experts who were not biomechanical experts and thus "it would seem unjust and ironic to now hold the defendant cannot produce experts who testify as to causation even though they are only biomechanical and not medical experts." *Id.*

These cases demonstrate the highly fact-specific nature of the *Daubert* evaluation, particularly when it comes to the scope of an expert's testimony.

Here, Plaintiff objects to Mr. Boggess's conclusions that the kinematics, accelerations, and forces a seated and restrained driver, such as Plaintiff, would have experienced are not consistent with the injuries Plaintiff has alleged. (Doc. 68-11.) Just as the court noted in *Smelser*, Mr. Boggess is not a medical expert and cannot draw any conclusions on specific medical causes of Plaintiff's injuries. The Court, however, does not find Mr. Boggess's proposed testimony on causation to be as highly specific as the testimony on causation in *Smelser*. *See* 105 F.3d at 302. While Mr. Boggess references Plaintiff's injuries and challenges their connection to the collision, at no point in his report does he definitively conclude Plaintiff's injuries were not caused by the collision. Rather, Mr. Boggess explains that his analysis of the kinematics, accelerations, and forces are not consistent with the alleged injuries. Testifying on the impact of kinematic forces on the human body falls squarely within Mr. Boggess's expertise as a biomechanical engineer. *See Laski*, 2000 WL 712502, at *4. The Court does not find Mr. Boggess's reference to Plaintiff's injuries to extend so far beyond his expertise as to render them unreliable under Rule 702. Accordingly, the Court will **DENY** Plaintiff's motion to exclude his testimony on causation.

### B. Plaintiff's Request to Supplement Motion

Plaintiff also seeks additional time to supplement his *Daubert* motion, after the deadline for filing has passed, due to the delay in scheduling Mr. Boggess's deposition. (Docs. 68, 82.)

---

as it felt the testimony deserved . . . ." *Id.*

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002) (internal quotations omitted). A court may grant a schedule modification only if the original schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, Advisory Committee's Notes (1983)). Lack of prejudice alone is not sufficient to grant a modification. *See Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 480 (6th Cir. 2014).

Here, Plaintiff has not sufficiently alleged an inability to meet the original schedule despite diligence in attempting to do so. The parties agreed to the dates as scheduled in the original order, and should have anticipated potential scheduling conflicts might arise. In fact, the parties were granted an extension on the deadline to disclose expert witnesses on July 22, 2019, and Plaintiff made no mention of a need to extend the *Daubert* motion deadline as well. (Doc. 38.) At that point, Plaintiff should have anticipated Defendants were planning on disclosing an expert witness. In addition, when Defendants disclosed Mr. Boggess as an expert witness on August 16, 2019, (Doc. 43), Plaintiff did not email Defendants to schedule Mr. Boggess's deposition until September 9, 2019, less than one month from the *Daubert* motion deadline (Doc. 68-2). While the Court acknowledges the consistent efforts by Plaintiff at that point to schedule a deposition, scheduling conflicts with an expert witness and opposing counsel should have been entirely foreseeable. Thus, Plaintiff has not demonstrated good cause to modify the scheduling order. As a result, the Court will **DENY** Plaintiff's request for additional time to supplement his motion to exclude the expert testimony of Mr. Boggess.

## III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion (Doc. 68).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**