UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DANNY D. RICHARDS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 1:18-cv-126 |
| v. ) | |
| ) | Judge Collier |
| RODERICK J. DUGGER and ) | Magistrate Judge Lee |
| UNITED ROAD SERVICES, INC., ) | |
| ) | |
| *Defendants.* ) | |

# **M E M O R A N D U M**

This case arises from a rear-end collision involving Plaintiff's van and Defendants' tractor-trailer. Defendants have moved to exclude the testimony of Plaintiff's treating physician and medical expert, Dr. Barry Vaughn, pursuant to Federal Rule of Evidence 702. (Doc. 65.) Defendants contend Dr. Vaughn's testimony should be excluded because (1) Dr. Vaughn stated he was not serving as an expert witness in his deposition; (2) Dr. Vaughn did not examine any relevant documents aside from the medical records and was not aware of any facts relating to the accident; (3) Dr. Vaughn's report lacks a method of reasoning for how he concluded the collision caused Plaintiff's injury; (4) Dr. Vaughn failed to connect his experience to his conclusions; and (5) Dr. Vaughn failed to account for other possible causes of Plaintiff's injuries. (*Id.*) As a result, Defendants assert the report does not comply with Rule 26(a) and should be excluded. (*Id.*) In response, Plaintiff asserts Dr. Vaughn is qualified as an expert under 702 and, while the report could have been more detailed, it still satisfies the Rule 26 requirements. (Doc. 78.) Plaintiff then contends that even if Dr. Vaughn's report is technically deficient, exclusion would not be appropriate because any failure to disclose was harmless and did not prejudice Defendants. (*Id.*)

Defendants have replied. (Doc. 83.) The Court finds a hearing on this motion is unnecessary. For the reasons set out below, the Court will **DENY** Defendants' motion.

I. APPLICABLE LAW

Under Federal Rule of Evidence 702, a witness with sufficient knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In fulfilling its gatekeeping role, a court must first determine if an expert's testimony is reliable and then determine if it is relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "[T]he gatekeeping inquiry must be tied to the facts of a particular case . . . depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) (internal quotations omitted). Further, "[i]t is the proponent of the testimony that must establish its admissibility by a preponderance of proof." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10).

The Supreme Court in *Daubert* set out a flexible, non-definitive checklist to consult in evaluating reliability: (1) whether the expert's theory can be tested; (2) whether the theory has been subject to peer review and publication; (3) the theory's known error rate; and (4) whether the theory has been generally accepted. *See Daubert*, 509 U.S. at 593–94. Courts have also noted other relevant factors that may arise, including: whether the opinions were developed solely for

purposes of litigation, *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995), whether there is too great an analytical gap between the data and the expert opinion, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 147 (1997), and whether the expert has accounted for obvious alternative explanations, *Ambrosini v. Labarraque*, 101 F.3d 129, 140 (D.C. Cir. 1996).

In addition to determining reliability, a court must ensure the expert's testimony is relevant. Often referred to as "fit," an expert's testimony is relevant if the testimony would be helpful to the jury in resolving disputed issues. *Daubert*, 509 U.S. at 591.

If an expert witness was retained or employed to provide expert testimony in the case or is an employee whose duties regularly involve providing expert testimony, then the expert's disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). The report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

## II. DISCUSSION

The Court will first address Defendants' contention that Dr. Vaughn's report fails to meet the Rule 26 requirements and will then discuss Defendants' specific arguments on admissibility.

### A. Compliance with Rule 26

Defendants argue Dr. Vaughn's report should be excluded under Federal Rule of Civil Procedure 37 because it fails to satisfy Rule 26(a)'s requirements to provide the "how and why" of his opinions. (Doc. 65.) While not discussed by either party, the Court notes that a detailed expert report is not required for a treating physician when the physician formed the opinions at the time of treatment. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (holding an expert report was not required where a physician formed his opinion when he treated the patient and not at the request of counsel); Fed. R. Civ. P. 26, Advisory Committee's Notes (1993) (explaining paragraph (2)(B) only applies to retained experts and thus "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). Dr. Vaughn explicitly limited his testimony to the conclusions he reached while he was treating Plaintiff, which indicates he is not required to provide a written report under Rule 26(a)(2).

In addition, as discussed in greater detail below, the Court finds the initial and supplemental reports were sufficient to ensure compliance with Rule 26's purposes of avoiding surprises at trial and limiting the need for expert depositions. *See R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (explaining Rule 26 requires that "a 'report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'") (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d

735, 742 n.6 (7th Cir. 1998)). Thus, the Court finds Dr. Vaughn's reports comply with Rule 26 and should not be excluded under Rule 37.

### B. Dr. Vaughn's Deposition Testimony

At his deposition, Dr. Vaughn stated "[m]y testimony will only be in regards to my treatment of this patient." (Doc. 83 [quoting from Dr. Barry Vaughn Dep. at 13:10–11].) Based on this statement, Defendants assert Dr. Vaughn has testified under oath that he was not serving as an expert witness in this case and thus should not be permitted to testify as an expert. (*Id.*)

As an initial matter, it is the job of the Court, not the expert, determine if a witness is qualified to testify as an expert. *See* Fed. R. Evid. 104(a), 702. In addition, Dr. Vaughn's statement does not indicate he is not qualified to testify as an expert nor that he lacks expertise on the subject matter. Rather, his statement indicates an intent to testify only to his opinions as Plaintiff's treating physician. Treating physicians are often called upon to offer expert testimony based on their diagnosis and treatment of a patient's illness. *Gass v. Marriot Hotel Servs., Inc.*, 558 F.3d 419, 426 (2009). The Court thus finds Dr. Vaughn's statement in his deposition does not undermine the reliability of his expert testimony as Plaintiff's treating physician.

### C. Documentation Dr. Vaughn Relied On

Defendants contend Dr. Vaughn should also be excluded as an expert because he did not examine any documents beyond the medical records and "was not aware of facts relating to the accident." (Doc. 65.) Defendants fail to point to any case law to support their contention that an expert must review all relevant evidence in a case in order to render an expert opinion. (*Id.*) The Court notes "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (alteration in original; citation omitted). Further, Defendants' critique of Dr.

5

Vaughn's failure to consult documentation beyond the medical records goes to the weight of his testimony, not its admissibility under Rule 702. As *Daubert* recognized, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595. Accordingly, the Court finds Defendants' arguments do not affect the reliability of Dr. Vaughn's opinions under Rule 702.

### D. Method of Reasoning

Defendants also argue Dr. Vaughn's testimony should be excluded because he fails to state a method of reasoning for his conclusion that the automobile accident caused Plaintiff's injuries. (Doc. 65.) Providing a method of reasoning allows the Court to evaluate the reliability of the expert's principles and methods. *See Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir. 2000). Defendants argue Dr. Vaughn's report does not state a method of reasoning and relies solely on speculation in reaching his conclusions. (Doc. 65.) Dr. Vaughn, however, disclosed that he practices orthopedic medicine, Plaintiff was his patient, and his opinions were developed when treating Plaintiff. (Doc. 65-1.) Providing a medical opinion based on a patient's symptoms, test results, and medical records is not an "absence of meaningful analysis or reasoning," it is a medical diagnosis. *See Jahn*, 233 F.3d at 389 ("Looking at the records of test results and physical symptoms to infer the presence of an infection is not a methodologically unsound 'assumption' or 'guess'—it is a diagnosis.").

In addition, Dr. Vaughn's supplemental report demonstrates he did not rely on speculation in reaching his conclusion on causation. Dr. Vaughn states he reached this conclusion based both on Plaintiff's statements to him about when Plaintiff's shoulder pain began and his observations that Plaintiff's injury lacked fatty infiltration and retraction. (Doc. 76-1.) Dr. Vaughn noted that

"[r]etraction and fatty infiltration usually indicate some degree of time has passed and one normally sees retraction in a period of six to twelve months." (*Id.*) As a result, Dr. Vaughn concluded that Plaintiff injured his rotator cuff during the collision nine months earlier. (*Id.*) The Court finds Dr. Vaughn's use of these medical observations demonstrate a reasonable factual basis to form an opinion. *See United States v. L.E. Cooke Co., Inc.*, 991 F.2d 336, 342 (6th Cir. 1993) ("Where an expert's testimony amounts to 'mere guess or speculation,' the court should exclude his testimony, but where the opinion has a reasonable factual basis, it should not be excluded.") (citing *United States v. 0.161 Acres of Land*, 837 F.2d 1036, 1040 (11th Cir. 1988)). Any weaknesses in Dr. Vaughn's opinions bear on the weight of his testimony, not its admissibility, and are best addressed by cross examination. Accordingly, the Court finds Dr. Vaughn's report does provide a reliable method of reasoning.

### E. Experience as Basis for Conclusions

In addition, Defendants contend Dr. Vaughn's testimony on causation should be excluded because there is no explanation for how Dr. Vaughn's experience and qualifications informed his conclusions. (Doc. 65.) As Defendants note, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, Advisory Committee's Notes (2000).

There is no indication from the report, however, that Dr. Vaughn's conclusions are based solely on his experience. In the first paragraph of his report, Dr. Vaughn describes the extensive education and training he received to become a board-certified orthopedic surgeon. (Doc. 65-1.) Dr. Vaughn further states his opinion is "as a board-certified orthopedic surgeon," which would refer not only to his experience in practice, but also the education and training he received to

7

become a surgeon. As a result, the Court finds his opinions are not solely based on his experience and thus a detailed explanation of the connection between his experience as an orthopedic surgeon and his conclusions is not required under Rule 702.

  **F.**  **Consideration of Other Possible Causes**

  Finally, Defendants seek exclusion of Dr. Vaughn's conclusion on causation because he failed to account for any other factors that could have caused or contributed to the injury, such as Plaintiff's age or an intervening accident. (Doc. 65.) A failure to account for other possible causes of an injury is a red flag in a *Daubert* analysis. *Downs v. Perstorp Components, Inc.*, 126 F. Supp. 2d 1090, 1125 (E.D. Tenn. 1999). Accepting one cause as the definitive cause without conducting a differential diagnosis signifies the expert might lack "the objectivity that is the hallmark of the scientific method." *See id.* (quoting *Claar v. Burlington N.R.*, 29 F.3d 499 (9th Cir. 1994)).

  Here, however, Dr. Vaughn's supplemental report indicates he did consider other possible causes before reaching his conclusion regarding causation. In response to Defendants' medical expert's suggestion that the injuries were more consistent with normal aging, Dr. Vaughn stated his observations from the MRI and surgery of the absence of fatty infiltration, retraction, and scar tissue indicated the injury "was relatively fresh and not chronic." (Doc. 76-1.) "An expert's testimony need not eliminate all other possible causes of the injury" to be admissible under *Daubert*. *Jahn*, 233 F.3d at 390 (explaining that "[t]he fact that several possible causes might remain 'uneliminated' . . . only goes to the accuracy of the conclusion, not to the soundness of the methodology.") (quoting *Ambrosini*, 101 F.3d at 140). Dr. Vaughn has demonstrated he did consider other possible causes, namely normal degeneration from aging, before concluding the injury was proximately caused by the collision. (Doc. 76-1.) That is sufficient under Rule 702.

Defendants' arguments do not persuade the Court that Dr. Vaughn should be precluded from testifying as an expert. In reaching his conclusions, Dr. Vaughn's reports demonstrate he relied on the information gained from his treatment of Plaintiff along with his education, training, and experience as an orthopedic surgeon. There is no indication he employed an unusual method as a treating physician. Thus, the Court finds his testimony is reliable and would assist the jury in deciding the factual disputes regarding Plaintiff's injuries. Accordingly, the Court will **DENY** Defendants' motion to exclude Dr. Vaughn's expert testimony.

**III. CONCLUSION**

For the foregoing reasons, the Court will **DENY** Defendants' motion (Doc. 65).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**